**Rule 4. Summons**

**(a) Contents; Amendments.**

(1) Contents. A summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or — if unrepresented — of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

(2) Amendments. The court may permit a summons to be amended.

**(b) Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons — or a copy of a summons that is addressed to multiple defendants — must be issued for each defendant to be served.

**(c) Service.**

(1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.[1]

(2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

**(d) Waiving Service.**

(1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

---

[1] Please note that pursuant to Rule 4(m) (see below), service must be made within 120 days after filing the complaint.

    **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
  **(B)** name the court where the complaint was filed;
  **(C)** be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
  **(D)** inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
  **(E)** state the date when the request is sent;
  **(F)** give the defendant a reasonable time of at least 30 days after the request was sent — or at least 60 days if sent to the defendant outside any judicial district of the United States — to return the waiver; and
  **(G)** be sent by first-class mail or other reliable means.
 **(2)** *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
  **(A)** the expenses later incurred in making service; and
  **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.
 **(3)** *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent — or until 90 days after it was sent to the defendant outside any judicial district of the United States.
 **(4)** *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.
 **(5)** *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
 **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
 **(2)** doing any of the following:
  **(A)** delivering a copy of the summons and of the complaint to the individual personally;
  **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
  **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive

service of process.

**(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:

   **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

   **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

      **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

      **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or

      **(C)** unless prohibited by the foreign country's law, by:

         **(i)** delivering a copy of the summons and of the complaint to the individual personally; or

         **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

   **(3)** by other means not prohibited by international agreement, as the court orders.

**(g) Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

   **(1)** in a judicial district of the United States:

      **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

      **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or

   **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

   **(1) United States.** To serve the United States, a party must:

      **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for

the district where the action is brought — or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk — or

    **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3) Officer or Employee Sued Individually.** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4) Extending Time.** The court must allow a party a reasonable time to cure its failure to:

    **(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

    **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

**(j) Serving a Foreign, State, or Local Government.**

**(1) Foreign State.** A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

**(2) State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

    **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or

    **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

**(k) Territorial Limits of Effective Service.**

**(1) In General.** Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

    **(A)** who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

    **(B)** who is a party joined under Rule 14 or 19 and is served within a judicial district of the

United States and not more than 100 miles from where the summons was issued; or

(C) when authorized by a federal statute.

(2) **Federal Claim Outside State-Court Jurisdiction.** For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

**(l) Proving Service.**

(1) **Affidavit Required.** Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

(2) **Service Outside the United States.** Service not within any judicial district of the United States must be proved as follows:

(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) **Validity of Service; Amending Proof.** Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

**(n) Asserting Jurisdiction over Property or Assets.**

(1) **Federal Law.** The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

(2) **State Law.** On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

**Rule 5.2. Privacy Protection For Filings Made with the Court**

**(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

**(b) Exemptions from the Redaction Requirement.** The redaction requirement does not apply to the following:

> (1) a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;
>
> (2) the record of an administrative or agency proceeding;
>
> (3) the official record of a state-court proceeding;
>
> (4) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;
>
> (5) a filing covered by Rule 5.2(c) or (d); and
>
> (6) a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255.

**(c) Limitations on Remote Access to Electronic Files; Social-Security Appeals and Immigration Cases.** Unless the court orders otherwise, in an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:

> (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
>
> (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
>
>> (A) the docket maintained by the court; and
>>
>> (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

**(d) Filings Made Under Seal.** The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

**(e) Protective Orders.** For good cause, the court may by order in a case:

   **(1)** require redaction of additional information; or

   **(2)** limit or prohibit a nonparty's remote electronic access to a document filed with the court.

**(f) Option for Additional Unredacted Filing Under Seal.** A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.

**(g) Option for Filing a Reference List.** A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be filed under seal and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information.

**(h) Waiver of Protection of Identifiers.** A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

**Rule 8. General Rules of Pleading**

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

## HOW TO CALCULATE TIME FOR FILING DOCUMENTS*

**Authority:** Rule 6 and 5(b) of Federal Rules of Civil Procedure

Under Rule 6(a), the first day from which the time period begins to run is never counted in the calculation, but the last day is counted, unless the last day falls on a Saturday, Sunday, or legal holiday, in which case the period runs until the next business day.

Under Rule 5(b)(2)(C), when a document (other than an original complaint) is served by mail, the time period begins to run from the date the document is sent, not the date it is received. The date the document was sent will appear on the certificate of service which is required to be sent with the document as provided in Rule 5(d)(1). Under Rule 6(d), three additional days are added to the period if the document is served by mail. Refer to Rule 4 for more information on when service by mail is allowed.

**Example 1:** Plaintiff has 14 days to respond to Defendant's Motion which was **hand delivered** on Friday, August 6, 2010. Calculations begin on August 7th, the day after service. The Response would be due no later than Monday, August 20, 2010.

**Example 2:** Plaintiff has 14 days to respond to Defendant's Motion which was **mailed** to Plaintiff. Three additional days are added to the Example 1 calculations because the motion was mailed (see Rule 5(b)(2)(C)). The Response by Plaintiff would be due on Thursday, August 23, 2010.

**Example 3:** Defendant has 21 days to answer or otherwise respond to Plaintiff's complaint which was served on Friday, August 6, 2010. The calculation starts on Saturday, August 7th. The Answer would be due no later than Friday, August 27, 2010.

We hope that you find the above information helpful.

**U.S. District Court Customer Services Staff.**

*\*Court Personnel are not permitted to evaluate your case or to offer any sort of advice on how to proceed with your case. We can, however, provide you general information about court rules and procedures. The information above is intended to assist you in calculating the time for filing certain types of documents as required by court order, or by federal or local rules. We cannot perform the calculation for you, nor are we able to make a determination as to whether or not you are calculating the time correctly.*

**ATTACHMENT 11**

STATE OF NEVADA
DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION

# NEVADA EQUAL RIGHTS COMMISSION

*INSTRUCTIONS For Completing: <u>Public Accommodations Complaint Form</u>*

- Please clearly print your answers
- Answer all questions as completely as possible.
- If you require additional writing space, you may use a separate piece of paper.
- Your *Complaint Form* must be <u>signed</u> and <u>dated</u>.
- Your complaint must be filed with NERC within 300 days of the <u>last alleged discriminatory act</u> to be accepted for review and processing by NERC.
- When your complaint is received it will be reviewed by an Intake Officer. If it becomes necessary to schedule an interview, NERC staff will contact you to make arrangements.

**Section "A":** Please complete all the information in this section. This information is protected by Nevada's Confidentiality/Disclosure laws.

**Section "B":** Enter the name, location and local telephone number of the company of which your complaint is against. You may be asked later for additional information, such as the company's headquarters location.

**Section "C":** Provide the name, mailing address and telephone number of a person who can help us contact you (mother, father, sister, brother, aunt, uncle, grandparents, close friend). By providing information on a person who does not live with you, our ability to contact you will be enhanced.

**Section "D":** Indicate the date of the incident.

**Section "E":** Tell us what kind of discrimination you are claiming. Check only the area(s) you feel are the reason(s) you believe you were discriminated against. For each area checked, fill in the applicable information. For example, if you check "RACE," tell us your race.

**Section "F":** Provide the name(s) of the individual(s) you are claiming discriminated against you. State "unknown" if you do not know the individual's name.

**Section "G":** Provide the information regarding witnesses to the alleged act(s) of discrimination. Include addresses, if known.

**Section "H":** Tell us what event occurred that you believe was discriminatory. Include as much detail as possible, including the time of the incident.

**Section "I":** Sign and Date.

**Submit your form to either:**

Nevada Equal Rights Commission
Phone: (702) 486-7161   Fax: (702) 486-7054
1820 E. Sahara Ave., Suite 314
Las Vegas, Nevada  89104

Nevada Equal Rights Commission
Phone:  (775) 823-6690   Fax: (775) 688-1292
1325 Corporate Blvd., Room 115
Reno, Nevada  89502

State of Nevada
Department of Employment, Training and Rehabilitation
Equal Rights Commission

# Public Accommodation Discrimination Complaint Form

*The Nevada Equal Rights Commission is charged with the enforcement of employment, housing and public accommodations, state and federal discrimination laws, under NRS 233 and 613 inclusive; Title VII of the Civil Rights Act of 1964, as amended; Age Discrimination in Employment Act of 1967, as amended; and Equal Employment Opportunity Commission procedural regulations; housing NRS 118 and Public Accommodations NRS 651.*

**NOTE: Your complaint must be filed within 300 days from the <u>last</u> alleged discriminatory act.**

PLEASE PRINT CLEARLY

**A)** Your Name: Mr. / Ms.  **Manuel**  **Antrez**   Date of Birth: **07/14/1979**
                             Last Name    First Name                   Month  Day  Year

Mailing Address: **3040 E. Charleston Blvd apt 2146**
                 Number & Street                          Apt/Space #

**Las Vegas**          **NV**          **89104**
City                   State           Zip Code

Telephone: **702-936-2677** (Home) _____ (Cell) **McCafeeStaffingAgency@Outlook.com** (email)

**B)** Business Name: **Tesla**                                Phone: **702-473-7223**
(Name the business that you believe discriminated against you).

Physical Address: **3250 E SAHARA AVE**                **Las Vegas**    **NV**    **89117**
                  Street         Apt/Space/Room        City             State     Zip Code

**C)** Give the name of someone who can help us reach you.   Relationship: **Self**

Name: **Manuel**           **Antrez**             Telephone: ( **702** ) **936-2677**
      Last Name            First Name

Address: _____
         Street    Apt/Space/Room    City    State    Zip Code

**D)** Date of Incident: **09/19/2022**

**E)** This is a complaint of *<u>discrimination</u>* based upon:
*(Mark only the reasons which you believe caused the discriminatory act(s) that you are claiming)*

[X] Race _____     [X] Color _____          [ ] Religion _____
[X] Disability _____ [X] National Origin _____  [ ] Sex _____
[ ] Sexual Orientation _____  [X] Gender Identity or Expression _____

F) List the name(s) of the individual(s) that you are claiming participated in the alleged discrimination:

| Jon Wagner | | Customer Experience Manager |
|---|---|---|
| First Name | Last Name | Title they hold |

| | | |
|---|---|---|
| First Name | Last Name | Title they hold |

G) List any witnesses to the alleged discrimination:

| Snjezana Zurich | Personal Assistant & Witness for Customer 702-936-2677 |
|---|---|
| Name | Home Address/Cell Phone/Home Phone |

| | |
|---|---|
| Name | Home Address/Cell Phone/Home Phone |

| | |
|---|---|
| Name | Home Address/Cell Phone/Home Phone |

H) Explain how you were treated: **I was mistreated during an walk-in appointment. Facility created some type of test driving rule at there facility regarding having to have individual car insurance before test driving vehicles at there dealership.**

(Continue on separate page, if necessary).

I) I swear/affirm under penalty of perjury that the foregoing is true to the best of my information and belief.

Signature: **Antrez M Manuel**   Date: **9/20/2022**

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Antrez Manuel<br>3040 E. Charleston Blvd., #2146<br>Las Vegas, NV 89104 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-00301 | Karrie L. Maeda,<br>State, Local & Tribal Program Manager | (213) 785-3002 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     8/17/2020
Rosa M. Viramontes,     *(Date Mailed)*
District Director

Enclosures(s)

cc:   **Michelle Sposito**
**Director of the Office of Equal Employment and Title IX**
**UNIVERSITY OF NEVADA, LAS VEGAS**
**4505 Maryland Pkwy, Mailstop 1062**
**Las Vegas, NV 89154**