UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTREZ MANUEL,<br><br>    Plaintiff(s),<br><br>v.<br><br>BRIDGE PROPERTY MANAGEMENT,<br><br>    Defendant(s). | Case No. 2:22-cv-01586-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

On September 22, 2022, the Court screened Plaintiff's complaint, finding that it failed to state a claim and that it failed to establish subject matter jurisdiction. Docket No. 4. The Court provided Plaintiff an opportunity to amend his complaint if he believed these deficiencies could be cured. *Id.* at 3. Plaintiff filed an amended complaint. Docket No. 7.[1]

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff has filed several documents since issuance of the prior order, *see* Docket Nos. 6-9, but it appears that the amended complaint is the document at Docket No. 7.

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

As with the prior complaint, the amended complaint fails to provide sufficient notice under Rule 8 as the basis of the claims Plaintiff is seeking to bring. The amended complaint checks various boxes of the grounds on which Plaintiff claims to have been mistreated, Docket No. 7 at

2, but then states that he was mistreated by his landlord, *see id.* at 3.² Such bald allegations fail to provide fair notice of the claims being made. Moreover, and significantly, this case is at bottom a landlord-tenant dispute regarding rent, *see id.*; *see also* Docket No. 1-1, and Plaintiff has failed to explain how the Court has subject matter jurisdiction over his claims.

In light of the above, Plaintiff has failed to state a claim and has failed to establish subject matter jurisdiction. Particularly given that Plaintiff has already been afforded an opportunity to amend, further attempts to amend would be futile. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: October 26, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

² The allegations in the amended complaint are as follows:

> I was mistreated as a resident. Several property management threats. Character detriment, in a fraudulent and illegal way. Perjury of documents. An abusive use of tenant/landlord privacy and power. As a result, I would like my year lease credit granted by the Judiciary courts. The current eviction hold to stop. And the ability to renew my lease if I choose to.

Docket No. 7 at 3.